IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK WILLIAMS,

    Plaintiff,                    No. CIV S-11-0701 DAD P

   vs.

THOMPSON, et al.,                <u>ORDER</u>

    Defendants.

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On April 6, 2011, the court granted plaintiff's application for leave to proceed in forma pauperis. However, it has subsequently come to the court's attention that on numerous occasions prior to the filing of this action, plaintiff has filed lawsuits that were dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be granted. A prisoner may not bring a civil action or appeal a civil judgment under the in forma pauperis statute

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

/////

1

28 U.S.C. § 1915(g). Here, it appears that on at least three prior occasions, plaintiff brought actions in this court while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.[1] See Williams v. Dep't of Corrections, No. 1:06-1793 RC, Doc. No. 29 at 3-4 (dismissing plaintiff's complaint under Rule 8 of the Federal Rules of Civil Procedure where the third amended complaint remained "an incoherent and jumbled narrative" that failed to "articulate the specific acts of Defendants that Plaintiff believe[d] [gave] rise to constitutional violations"); Williams v. Dep't of Corrections, No. 1:07-0083 SMS, Doc. No. 23 at 5 (dismissing plaintiff's complaint with prejudice for failure to state a claim); Williams v. Kelso, No. 2:10-2898, Doc. No. 9 at 4 (dismissing plaintiff's complaint as frivolous).

Additionally, in his complaint filed in this action plaintiff has not alleged facts suggesting that he is under imminent danger of serious physical injury. Rather, plaintiff's complaint alleges that for three days he was housed in "ZZ Cell" which had "fecal matter . . . smeared on the walls" and that "debris [was] falling from the installation of the ceiling" into his food. (Compl. (Doc. No. 1) at 6.) Although plaintiff alleges in this action that he was subjected to these conditions of confinement for three days, it is apparent that he is no longer housed in ZZ Cell. "[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the "imminent danger" exception for § 1915(g). Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).

Therefore, the court will vacate the court's prior order granting plaintiff leave to proceed in forma pauperis and order plaintiff to pay the $350.00 filing fee. Failure to pay the fee in full will result in the dismissal of this action without prejudice.

/////

/////

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

Accordingly, IT IS HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(g), plaintiff is found ineligible to proceed in forma pauperis in this action;

2. The court's orders, filed on April 6, 2011, (Doc. No.s 4 & 5) are vacated;

3. Within thirty days from the service of this order, plaintiff shall pay the $350.00 filing fee in full. Failure to pay the filing fee will result in the dismissal of this action without prejudice;

4. The Clerk of the Court is directed to serve a copy of this order on the Director, California Department of Corrections and Rehabilitation, 1515 S Street, Sacramento, California 95814, and on the Financial Department of the court.

DATED: May 5, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
will0701.1915g